**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000370
17-APR-2025
08:03 AM
Dkt. 91 SO**

NO. CAAP-22-0000370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARISA MADISON, fka MARISA M. PROVOST,
Plaintiff-Appellant,
v.
CHARLETON J. PROVOST,
Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2DV181000378)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka, and Guidry, JJ.)

Plaintiff-Appellant Marisa Madison (**Madison**) appeals from the May 31, 2022 Order on [Madison's] Motion and Affidavit for Post-Decree Relief Filed April 27, 2022 (**Post-Decree Order**), entered in favor of Defendant-Appellee Charleton J. Provost (**Provost**), by the Family Court of the Second Circuit (**Family Court**).[1]

Madison raises three points of error on appeal, contending that the Family Court abused its discretion when: (1) the court summarily denied her motion for post-decree relief; (2)

---

[1] The Honorable James Rouse presided.

at trial, the Family Court completely ignored and refused to address her right to alimony; and (3) at trial, the Family Court considered only Provost's real property valuation, without considering Madison's real property information and evidence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Madison's points of error as follows:

(1) Madison argues that the Family Court "simply declared, with nothing more, without applying the law, that the [Family Court] was denying the motion for post decree relief." Madison further argues that she made a *prima facie* case for an evidentiary hearing, *i.e.*, that new evidence and arguments were now available concerning the equitable distribution of the marital estate, alimony, and her request that her ex-husband be drug tested.

Contrary to Madison's argument, on July 19, 2022, the Family Court entered Findings of Fact and Conclusions of Law (**FOFs/COLs**), none of which are challenged in this appeal, which found, *inter alia*:

> 22. [Madison] filed a Motion for Post-Decree Relief on April 27, 2022.
>
> 23. [Madison] asked the court to modify alimony as follows: "Petitioner should be awarded alimony until she remarries."
>
> 24. [Madison] pleaded as follows: "A change in alimony as requested is appropriate because the circumstances of the parties have changed materially since the last alimony order as follows: Petitioner is not employed, has no income, has no place to live starting June 1, 2022, and she was not given her fair share of the estate."

25:    [Madison] also sought an order for the marital estate to be properly valued and calculated; an order awarding Petitioner her proper value of the marital estate; and an order requiring [Provost] to be tested for drug use.

26.    [Madison's] Motion did not include any legal memorandum supporting her requests.

27.    [Madison's] Motion for Post-Decree Relief did not include any declaration from [her] explaining the basis of her requests.

28.    [Madison's] Motion for Post-Decree Relief was heard before the Honorable James Rouse on May 2, 2022 at 8:45 a.m. in courtroom 3A.

29.    Based upon the arguments and representations made, and review of the records and files in this case, the court made the following findings and order:  "Court finds that said pleading is frivolous and therefore the motion for Post-Decree Relief filed on April 27, 2022 is denied with prejudice."

The Family Court concluded, in pertinent part:

13.    [Madison's] instant and third [Motion for Post-Decree Relief], *i.e.*, her fourth time at litigating the same alimony and valuation issues, failed to include any legal argument supporting [Madison's] requests or declaration from [Madison] supporting her requests and, therefore, violated Rule 10 of the Hawaii Family Court Rules [(**HCFR**)], despite being filed by Mr. Sooalo.  For these reasons, the Court finds the Motion is frivolous and wholly without merit.

The Family Court's Post-Decree Order is well-supported by the record in this case and HFCR Rule 10.  In particular, Madison did not appeal from the parties' 2019 divorce decree, Madison previously raised these issues in prior post-judgment motions, and Madison did not provide, *inter alia*, a declaration, or legal arguments in support.  We conclude that Madison's first point of error is without merit.

(2) & (3)  Madison's second and third points of error challenge rulings made by the Family Court during the September 3, 2019 trial.  However, Madison appeals here from the Family Court's ruling on her April 27, 2020 motion for post-decree relief.  Madison's challenges to the Family Court October 3, 2019

3

Judgment Granting Divorce and Awarding Child Custody are untimely.  See Hawaiʻi Rules of Appellate Procedure Rule 4.

Accordingly, the Family Court's May 31, 2022 Post-Decree Order is affirmed.

DATED:  Honolulu, Hawaiʻi, April 17, 2025.

On the briefs:

Barry L. Sooalo,
for Plaintiff-Appellant.

Erin Lea Lowenthal,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge